Swing, J.
We are of the opinion that the judgment in this cause should be reversed for the reason that the judgment and verdict is against the evidence. The evidence of the plaintiff was uncontradicted to the effect that he made a contract with William I. Sanders, deceased, as an attorney, to procure the reduction of an assessment on certain lots in the village of Westwood, o. this county, for which, if any reduction was obtained, he was to receive as compensation an amount equal to one-third of the amount of the reduction obtained; that he, the plaintiff, procured a reduction on said assessments on said lotsjto the amount claimed in his petition, thus performing the contract as far as he was concerned. There being no contradiction to this evidence, we are unable to see why he was not entitled to a verdict and judgment. In fact, we think the evidence here shows a proper case for the judge to have instructed the jury to find for the plaintiff for the amount claimed. The fact that said Sanders at the time did not own the lots and that they did belong to his son and daughter, and that he may have been acting as their agent was no defense to the action of Hudson. If William I. Sanders made a contract with Hudson for the reduction of the assessments on lots that belonged to his son and daughter, he nevertheless bound himself to pay the amount agreed, upon between the parties by the contract which was here shown to have been made, and it was wholly immaterial who was the owner of the lot, or how he was acting as between the real owners of the lots. He took it upon himself to contract with Hudson to procure a reduction of the assessments on these lots, agreeing to pay 88% per cept. of the amount of the reduction procured. Hudson procured a reduc-* tion, and Sanders must pay the amount he agreed to pay regardless of who the owners of the lots might be.
Judgment reversed and cause remanded for further proceedings.